UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>10-60112-CR-DIMITROULEAS</u>

UNITED STATES OF AMERICA

vs.

PAUL ZABCZUK,

      Defendant.
_____/

## STATEMENT OF FACTS

The United States Attorney's Office for the Southern District of Florida, the United States Department of Justice, Tax Division, and the defendant, Paul Zabczuk, stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case:

## OBLIGATION TO REPORT WORLDWIDE INCOME AND FOREIGN BANK ACCOUNTS

United States taxpayers who have income in excess of a certain amount are obligated to file a federal income tax return with the United States Internal Revenue Service ("IRS"). On said return, United States taxpayers are obligated to report their worldwide income. Additionally, United States taxpayers who have an interest in or signature or other authority over a financial account in a foreign country with assets in excess of $10,000 are required to disclose the existence of such account on Schedule B, Part III of their individual income tax return.

## BACKGROUND

In 1999, the defendant formed PRT Limited, a corporation organized and operated under the laws of the State of Texas that for tax purposes elected to be treated as an "S" corporation, to provide consulting services relating to the purchase and sale of chemicals by companies involved in drilling for oil. In later years, the defendant expanded the business purpose of PRT to include brokering sales and purchases of chemicals. From 1999 through 2009, the defendant owned and controlled four offshore bank accounts located in the Bahamas and Switzerland. Three of the bank accounts were opened in the name of nominee entities, including Bahamian and Panamanian corporations. Except for limited overlap, only one of the three accounts was open at one time.

## OFFSHORE BANK ACCOUNTS

According to records obtained from UBS AG in Switzerland, the defendant opened an account in the name of ODI Limited, a nominee Bahamian corporation, at UBS Bahamas in June 1999. The defendant was recruited to open the account by AMERICAN BUSINESSMAN. AMERICAN BUSINESSMAN introduced the defendant to SWISS BANKER, a banker at UBS Bahamas, and others. The defendant paid the AMERICAN BUSINESSMAN a fee for the introduction.

The defendant closed the account opened in the name of ODI Limited in 2000. With the assistance of SWISS BANKER and others, the defendant formed ODF Limited, a Bahamian nominee entity that was incorporated on November 22, 2000. SWISS BANKER assisted the defendant in opening a new account in the name of ODF Limited at UBS Bahamas and transferred into that account the contents of the account opened in the name of ODI Limited. SWISS BANKER arranged to have a bank and trust company in the Bahamas ("Bank and Trust") serve as an intermediary between the defendant and UBS Bahamas. That is, the defendant would send instructions regarding the account to Bank and Trust and Bank and Trust would forward the instructions to UBS Bahamas.

In 2002, SWISS BANKER informed the defendant that he would have to move the account opened in the name of ODF Limited to UBS AG in Switzerland. Further, SWISS BANKER informed the defendant that he could either sell the United States securities in his account or file a Form W-9 (Request for Taxpayer Identification Number and Certification) with the IRS. The filing of the Form W-9 would notify the IRS of the defendant's beneficial ownership of the ODF Limited account, a fact that had not been disclosed previously to the IRS. SWISS BANKER advised the defendant not to file the Form W-9. The defendant decided to forgo filing the Form W-9 and, instead, sold all U.S. securities in the ODF Limited account.

UBS Bahamas transferred the ODF Limited account to UBS AG in Zurich, Switzerland in or about June 2002. According to internal UBS Form A, Verification of the Beneficial Owner's Identity, dated June 4, 2002, the defendant and his spouse, listed as residents of The Woodlands, Texas, were the beneficial owners of the UBS AG account opened in the name of ODF Limited. Bank and Trust continued to serve as the intermediary between the defendant and UBS AG.

In January 2004, the defendant opened an account in his name and his spouse's name at UBS AG in Zurich, Switzerland ("Numbered Account"). According to internal UBS Form A, Verification of the Beneficial Owner's Identity, dated January 19, 2004, the defendant and his spouse, listed as residents of The Woodlands, Texas, were the beneficial owners of the Numbered Account.

In 2005, SWISS BANKER, who was no longer employed by UBS Bahamas, advised the defendant to move his accounts from UBS AG because of changes at the bank. SWISS

BANKER offered to assist the defendant, through his new employer, in transferring the account to a different, unidentified financial institution.

The defendant closed the Numbered Account at UBS AG in November 2008 by withdrawing the account contents in U.S. currency.

In or about November 2008, the defendant met with SWISS BANKER in Lausanne, Switzerland. The defendant and SWISS BANKER discussed the United States' investigation of UBS AG and the possibility that the bank would disclose account information to the United States. The defendant and SWISS BANKER had several discussions in person and by telephone regarding whether the defendant should make a voluntary disclosure of his beneficial ownership of the ODF Limited account to the IRS. The SWISS BANKER provided the defendant with the name of a law firm that could assist him with making a voluntary disclosure if he wished to do so. SWISS BANKER ultimately advised the defendant that it was not necessary to make a voluntary disclosure to the IRS. SWISS BANKER again informed the defendant that, through his employer, he could swiftly move the defendant's account at UBS AG to a different bank.

In or about January 2009, the defendant and SWISS BANKER spoke by telephone and again discussed the United States' investigation of UBS AG. The SWISS BANKER offered to assist the defendant in creating a Panamanian shell company, opening an account at a different Swiss bank in the name of that entity, and transferring the contents of the defendant's account at UBS AG in the name of ODF Limited to that new account. The defendant agreed to meet with the SWISS BANKER in the Bahamas in April 2009 in order to further discuss the SWISS BANKER's plan.

In or about April 2009, the defendant met with SWISS BANKER in the Bahamas. The SWISS BANKER informed the defendant that he had opened accounts for other United States taxpayers at Banque Cantonale Vaudois ("BCV"), a bank with headquarters in Lausanne, Switzerland. SWISS BANKER described BCV as "off the radar" and that it was a "relocation bank" for United States taxpayers who could no longer maintain accounts at UBS AG. SWISS BANKER presented the defendant with a list of Panamanian entities through which he could open an account at BCV and asked him to choose one. The defendant selected Vangas Holdings, Inc. ("Vangas"). SWISS BANKER produced pre-printed incorporation papers for Vangas and pre-printed documents for opening an account at BCV. The defendant signed the incorporation papers as well as the account opening papers.

Approximately ten days later, SWISS BANKER contacted the defendant and informed him that "all was good." Upon receipt of that notice, the defendant instructed Bank and Trust to transfer the contents of the ODF Limited account at UBS AG to the account opened in the name of Vangas at BCV. The defendant then closed the ODF Limited account at UBS AG.

In or about September 2009, the defendant met with SWISS BANKER when defendant was in Switzerland on unrelated business. The defendant informed SWISS BANKER that he

wished to close the account opened in the name of Vangas at BCV. He instructed SWISS BANKER that he would withdraw an amount in excess of 10,000 euros in currency from BCV and that the remainder of the account contents should be wired to his agent in the People's Republic of China. In September 2009, the defendant visited the offices of BCV in Lausanne, Switzerland and closed the account opened in the name of Vangas. Although he had not previously visited BCV, or met with a banker from BCV, the defendant did not provide either a passport or other form of identification when he made the final withdrawal.

From 2002 through 2008, the highest balance of all of the assets the defendant owned and controlled offshore was approximately $529,194 (balance as of December 31, 2004).

## FALSE INVOICING SCHEME

The defendant opened the account in the name of ODI Limited at UBS Bahamas, and continued to use accounts opened in the name of ODF Limited at UBS Bahamas and UBS AG, for the purpose of evading taxes on the income that he earned through his consulting company, PRT Limited. The defendant directed certain foreign clients of PRT Limited to deposit payments to PRT into the ODI account at UBS Bahamas and the ODF accounts at UBS Bahamas and UBS AG. The defendant did not inform his return preparer of the income. The defendant also wired money from PRT Limited's domestic business bank account to the ODI account at UBS Bahamas and ODF accounts at UBS Bahamas and UBS AG. He falsely informed his return preparer that the transfers were commissions paid to that entity. As a result of the defendant's omissions and false statements, the defendant's return preparer prepared false individual income tax returns for the defendant and his wife for the years 2003 through 2008 as well as false Forms 1120S, U.S. Income Tax Return for an S Corporation, for PRT Limited, for the years 2003 through 2008.

The defendant repatriated funds to the United States in two ways. First, from 1999 to 2009, the defendant withdrew cash at UBS branches in Nassau, Bahamas, London, England, and Zurich, Switzerland. The defendant retrieved the cash at those locations and transported a portion of it on his person back to the United States. Second, from 2005 to 2009, the defendant directed UBS AG and BCV to wire transfer funds to his agent in the People's Republic of China. The defendant's agent purchased furniture and antiques on behalf of the defendant and shipped the purchases to the United States for the defendant's personal use and for resale.

## TAX RETURN INFORMATION

For the years 2003 through 2008, the defendant was required to file a U.S. Individual Income Tax Return, Form 1040, to report his worldwide income, and to declare the existence of any foreign based financial accounts at UBS Bahamas in the Bahamas, UBS AG in Switzerland, and BCV in Switzerland in which he had a financial interest or signature authority over that contained assets in excess of $10,000. The defendant, jointly with his spouse, filed U.S. Individual Income Tax Returns, Forms 1040, with the IRS for tax years 2003 through 2008.

Each year, the defendant willfully failed to report on those tax returns any income earned on the accounts that he held at UBS Bahamas in the Bahamas, UBS AG in Switzerland, and BCV in Switzerland. In addition, each year, the defendant failed to disclose that he had an interest in or a signature or other authority over a financial account in a foreign country.

Specifically, on or about April 15, 2005, the defendant filed a U.S. Individual Income Tax Return Form 1040 for the year 2004. The return bore the signature of the defendant and was signed under the penalties of perjury with the declaration that the return and accompanying schedules and statements were examined by the defendant and that to the best of the defendant's knowledge and belief, the return and accompanying schedules were true, correct, and complete. The 2004 U.S. Individual Income Tax Return, Form 1040, was made and subscribed within the Southern District of Texas. The defendant willfully failed to tell the accountant who prepared his 2004 tax return about the existence of the Numbered Account and the account opened in the name of ODF Limited at UBS AG, the income earned from those accounts, receipt of payments from foreign entities deposited directly into the ODF Limited account at UBS AG, and the false invoicing scheme.

On Schedule B, Part III of the 2004 tax return, the defendant failed to report that he had an interest in or a signature authority over financial accounts at UBS AG in Switzerland and he failed to report income earned on the Numbered Account and the account opened in the name of ODF Limited Accounts at UBS AG.

The defendant also filed false U.S. Income Tax Returns for an S Corporation, Forms 1120S, in the name of PRT Limited from 2003 through 2008. On those returns, the defendant failed to report on Line 1(a) gross receipts that PRT Limited received from foreign entities that were deposited into the ODF Limited account at UBS AG. Further, the defendant falsely deducted as commissions amounts that he transferred from PRT Limited's domestic bank account into the account opened in the name of ODF Limited at UBS AG. As a result, from 2003 to 2008, the ordinary business income of PRT Limited was underreported on Line 21 of the Forms 1120S. As PRT Limited was a flow through entity, Zabczuk underreported the net profit from PRT Limited on Schedule E attached to the Form 1040 and, ultimately, on Line 17 of the Forms 1040 for the years 2003 through 2008.

    When the defendant filed his U.S. Individual Income Tax Return Form 1040 for tax years 2003 through 2008, he knew he was obligated to report the income earned on his UBS bank accounts and to truthfully report his income from PRT Limited on line 22 of said tax return and that he should have disclosed the existence of the UBS accounts on Schedule B, Part III. For years 2003 through 2008, the tax loss associated with defendant's accounts at UBS AG and his false invoicing scheme is approximately $217,597.

                            Respectfully submitted,

                            JEFFREY H. SLOMAN
                            UNITED STATES ATTORNEY

By: _____
      KEVIN M. DOWNING
      SENIOR LITIGATION COUNSEL
      MARK F. DALY
      JOHN E. SULLIVAN
      TRIAL ATTORNEY
      UNITED STATES DEPARTMENT OF JUSTICE
      TAX DIVISION

By: _____
      JEFFREY A. NEIMAN
      ASSISTANT UNITED STATES ATTORNEY

By: _____
      SCOTT H. FREWING
      ATTORNEYS FOR DEFENDANT

By: _____
      PAUL ZABCZUK
      DEFENDANT